```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Leslie Kevin Kozaczek,         :
        Plaintiff,             :
                               :
    v.                         :    File No. 1:10-CV-107
                               :
New York Higher Education      :
Services Corp., GC             :
Services  Limited              :
Partnership,                   :
        Defendants.            :
```

                      OPINION AND ORDER
                         (Doc. 34)

Plaintiff Leslie Kozaczek, proceeding *pro se*, brings this action claiming that he is the target of a wrongful debt collection and that his federal tax refund was improperly offset. Pending before the Court is Kozaczek's motion for injunctive relief in which he requests an Order barring any further tax offsets.  (Doc. 32.)  Also before the Court is Defendant New York Higher Education Services Corp.'s ("NYHESC") motion to dismiss for lack of proper service.  (Doc. 34.)  Defendant GC Services Limited Partnership has been dismissed from the case by stipulation.

    The Court must first address the issue of service on NYHESC before it may consider granting the Plaintiff any form of relief. See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 (1987); accord Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court

ordinarily may not exercise power over a party the complaint names as defendant."). Kozaczek initially tried to serve NYHESC by certified mail. Because NYHESC is a state entity, however, and pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, Kozaczek was required comply with the rules of either Vermont or New York with respect to service of a state agency. See Fed. R. Civ. P. 4(e); Vt. R. Civ. P. 4(e); Vt. R. Civ. P. 4(d)(2); N.Y. C.P.L.R. § 307. Under the law of either state, service of the agency by certified mail alone did not suffice. Consequently, in an Order dated October 28, 2010, the Court extended Kozaczek's time for accomplishing service upon NYHESC, and ordered service to be completed by November 29, 2010. (Doc. 26.)

It appears from NYHESC's pending motion to dismiss that Kozaczek then tried to accomplish service by serving Vermont Assistant Attorney General David Cassetty. Attorney Cassetty is NYHESC's attorney of record in this case. Kozaczek claims that by serving Attorney Cassetty, he satisfied a provision in New York law that allows for service upon a state agency through either an Assistant Attorney General or the Attorney General "within the state." (Doc. 36 at 2) (citing N.Y. C.P.L.R. § 307.) NYHESC responds that this provision requires service upon an Assistant Attorney General of the State of *New York*, and not the State of Vermont. (Doc. 37.)

Under New York Civil Practice Laws and Rules § 307(1), "[p]ersonal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state." N.Y. C.P.L.R. § 307(1).  Under § 307(2), service upon a state agency requires either (1) delivery to the chief executive officer of the agency or a person designated by the chief executive officer, or (2) certified mailing to the agency's chief executive officer or designee and personal service upon the state pursuant to § 307(1).  N.Y. C.P.L.R. § 307(2).  There is no dispute that NYHESC is a state agency.  The question presented is whether "within the state" under § 307(1) is limited to the State of New York.  The Court concludes that it is.

When an agency of a state is being sued, "the purpose of requiring service upon the Attorney General's office or an Assistant Attorney General is to insure the prompt notification of the Attorney General's office of all legal actions against the state.  Such service allows for the subsequent coordination and supervision of the defense by the Attorney General." Knight v. State of Kansas, 1990 WL 154206, at *2 (D. Kan. Sept. 6, 1990).  Here, a lawsuit has been brought against an agency of the State of New York.  Accordingly, for purposes of notification and coordination of a defense, the relevant Attorney General's office is that of the State of New York.

Furthermore, § 307(1) governs service upon "the state," and in the same sentence makes reference to the Attorney General "within the state."  It would make little sense for "the state" in the first clause to be different from "the state" in the latter clause.  See McKinney's Cons. Laws of N.Y., Statutes § 94 ("statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction").  The Court therefore concludes that § 307(1) refers only to the Attorney General and Assistant Attorneys General for the State of New York.

Consistent with this conclusion, NYHESC has not yet been properly served.[1]  Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days from the filing of the complaint in which to serve a defendant.  That deadline, including the Court's recent extension, has passed.  Rule 4(m) further provides that a court must grant additional time to complete service if the plaintiff demonstrates good cause for failing to serve in a timely manner.  Fed. R. Civ. P. 4(m).  "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting

---

[1] Kozaczek's references to Federal Rule of Civil Procedure 5 are misplaced because that Rule does not apply to the initial service of a complaint.  See Fed. R. Civ. P. 5(a)(1)(B) (Rule applies to "a pleading filed after the original complaint"); Magnuson v. Video Yesteryear, 85 F.3d 1424, 1430 (9th Cir. 1996); Klein v. Williams, 144 F.R.D. 16, 19 (E.D.N.Y. 1992).

from the delay."  DeLuca v. AccessIT Group, Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

The Second Circuit has also held that even if no good cause is shown, it is within the discretion of the district court to grant additional time.  See Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007); see also Henderson v. United States, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Fed. R. Civ. P. Advisory Committee's Notes at 654).  In determining whether a discretionary extension is appropriate in the absence of good cause, courts consider the following four factors:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 58 (E.D.N.Y. 2006); see also DeLuca, 695 F. Supp. 2d at 66.

Here, Kozaczek is entitled to a second discretionary extension of time.  Under the four-factor test for an extension, there is no indication of a statute of limitations bar and no evidence of concealment by NYHESC.  NYHESC has notice of the

complaint,[2] and has not shown that it will suffer any prejudice if extra time for service is allowed.  Given these facts, and the general preference for deciding cases on their merits, see DeLuca, 695 F. Supp. 2d 54, the motion to dismiss (Doc. 34) is DENIED without prejudice.[3]

While the Court is willing to grant additional time for service, it is not clear who will be undertaking that task. Kozaczek asserts in response to the motion to dismiss that, in the event service has not yet been accomplished, his recently granted *in forma pauperis* status means that the Court "will very likely be taking charge of any subsequent service of summons that might be necessary . . . ."  (Doc. 36 at 3.)  The Second Circuit has held that "[a] party allowed to proceed *in forma pauperis* is entitled to service by the U.S. Marshal."  Romandette v. Weetabix Co., 807 F.2d 309, 310 n.1 (2d Cir. 1986).  The Circuit has also held, however, that "[a]n entitlement to service by the Marshals . . . does not require automatic service."  Nagy v. Dwyer, 507 F.3d 161, 164 (2d Cir. 2007).  Instead, "district courts may

---

[2] The Court notes that a defendant's notice of a lawsuit does not remedy defective service. See Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978).

[3] As alternative relief, NYHESC asks the Court to quash the summons served upon Attorney Cassetty.  As any summons served upon an Assistant Attorney General for the State of Vermont would not be effective with regard to NYHESC, there is no need for the summons to be quashed.  The summons is simply deemed ineffective and no further Court action is required.

require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant." Id.

While Kozazcek has cited a "likelihood" the Court will order service by the Marshals Service, he has not specifically requested such an order.  He may request an order for service, or he may determine that, at this stage in the case and given the workload of the Marshals Service, it is more efficient for him to undertake service upon NYHESC himself.  In any event, the Court will allow him 30 days in which to either complete service upon NYHESC, or request that service be accomplished by the Marshals Service.

In sum, NYHESC's motion to dismiss (Doc. 34) is DENIED without prejudice.  Kozaczek must within 30 days either complete service upon NYHESC, or inform the Court in writing that he requests service be accomplished by the Marshals Service. Failure to adhere to this deadline may result in dismissal of this case without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of February, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge