```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Leslie Kevin Kozaczek,           :
        Plaintiff,               :
                                 :
   v.                            :    File No. 1:10-cv-107-jgm
                                 :
New York Higher Education        :
Services Corp., GC Services      :
Limited Partnership,             :
        Defendants.              :
```

OPINION AND ORDER
(Docs. 32, 53 and 54)

Plaintiff Leslie Kozaczek, proceeding *pro se*, brings this action claiming he has been the target of a wrongful debt collection, and his federal tax refund was improperly offset. The case was initiated in state court, and was removed to this Court by defendant GC Services Limited Partnership ("GC Services"). GC Services has since been dismissed with prejudice by stipulation.

Pending before the Court is defendant New York Higher Education Services Corporation's ("HESC") motion to dismiss for lack of jurisdiction under the Eleventh Amendment, and for lack of personal jurisdiction. Also before the Court are Kozaczek's motions for preliminary injunctive relief, in which he asks the Court to bar an offset of his 2010 tax refund, and to order the return of part of the offset from his 2009 refund.

For the reasons set forth below, HESC's motion to dismiss under the Eleventh Amendment is GRANTED, and Plaintiff's motions for a preliminary injunction are DENIED as moot.

Factual Background

Kozaczek alleges that on or about August 15, 2009, he received a letter from HESC informing him the U.S. Department of Education was holding a claim for defaulted student loans, and that the debt would be offset against "all payment streams authorized by law," including tax refunds.  (Doc. 8-6 at 1.) Kozaczek responded in writing that he disputed the debt, and that HESC was required by law to provide proof of his indebtedness.

Kozaczek further alleges that in January 2010 he was "in anticipation of receipt of a $4,607 refund" from the Internal Revenue Service ("IRS").  (Doc. 8 at 3.)  When he did not receive his refund, he called the IRS and was informed that there had been an offset by HESC.  Believing that HESC had acted negligently, he contacted both HESC and the New York Attorney General's Office.

HESC investigated Kozaczek's claim.  In a letter dated March 5, 2010, HESC informed Kozaczek that his alleged debt arose out of loans he had received to attend Ulster County Community College.  According to the letter, $9,250 was disbursed on August 3, 2000.  As of November 22, 2008, the amount in default was $12,270.62.  (Doc. 8-8 at 1.)

Kozoczek subsequently obtained documentation from officials at Ulster County Community College stating he was never registered as a student and never received any grants or loans

through the school. (Docs. 8-10 and 8-11.) In the course of the litigation, an attorney at HESC submitted an affidavit stating that the $9,250 in loans was, in fact, disbursed for Kozaczek to attend Syracuse University. (Doc. 53-2 at 3.) Kozaczek's enrollment at Syracuse University is confirmed by a letter from that institution's Office of the Registrar. (Doc. 53-6.)

The Complaint asserts several state law causes of action, including allegations of negligence and false claims. Kozaczek also alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA"). The case was initiated in Vermont state court and removed by GC Services on May 5, 2010. As noted above, GC Services has since been dismissed with prejudice pursuant to a Stipulation of Dismissal. (Doc. 41.)

While the case was still in state court, HESC filed a motion to dismiss for lack of proper service. After the case was removed, this Court denied the motion without prejudice, but agreed that HESC had not been properly served and required Kozaczek to complete service. Kozaczek was subsequently granted *in forma pauperis* status, and the U.S. Marshals Service served HESC with a summons on April 26, 2011. HESC has now filed another motion to dismiss, arguing it is entitled to immunity from suit under the Eleventh Amendment, and it is beyond the reach of Vermont's long arm statute for purposes of personal jurisdiction.

Also before the Court is Kozaczek's motion for a preliminary injunction, in which he asks for an order barring the offset of his 2010 tax refund. More recently, Kozaczek moved to amend his preliminary injunction motion, claiming that a tax error by his former employer resulted in a decrease in his 2009 refund amount. Because of the decrease, he informs the Court he owes money to the IRS for a refund he never received. He thus seeks an order requiring HESC to return $1,488 to him so that he can pay the IRS.

## Discussion

I. HESC's Motion to Dismiss

Because HESC's motion to dismiss asserts a general immunity to suit in federal court, the Court will address that motion first. HESC contends that, as a state agency, it is entitled to immunity from suit in this Court under the Eleventh Amendment. The Eleventh Amendment immunizes individual states from suit in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This immunity applies unless the state has consented to the litigation or Congress has specifically overridden the state's immunity. Huang v. Johnson, 251 F.3d 65, 69 (2d Cir. 2001). In order to waive its immunity, a state must "unequivocally express[]" its consent. See Pennhurst, 465 U.S. at 99. A claim against a state agency is considered a claim against the state because the state is the "'real, substantial

party in interest.'" Mulero v. Connecticut, Dep't of Educ., 253 F.R.D. 33, 37 (D. Conn. 2008) (quoting Pennhurst, 465 U.S. at 101).

The Second Circuit has held, in an unpublished opinion, that HESC is a state agency and may claim Eleventh Amendment immunity. See Harper v. N.Y. State Higher Educ. Servs. Corp., 152 F.3d 918 (Table), 1998 WL 453688, at *1 (2d Cir. June 4, 1998) (unpublished). In reaching this conclusion, the court found that:

> HESC was created by New York Education Law § 652 to administer the state's financial aid and loan programs, to "support the administration by the federal government" of federal student aid programs, and is supported by the New York state treasury, see N.Y. Educ. Law § 653(4), and as such, is a state agency protected by the Eleventh Amendment. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 117 S.Ct. 900, 904-05, 137 L. Ed. 2d 55 (1997) (considering the nature of the entity created by state law and whether a money judgment against the entity would be enforceable against the state); Mancuso v. New York State Thruway Auth., 86 F.3d 289, 293 (2d Cir. 1996).

Id. The Second Circuit further concluded that "[t]here is nothing in the language of the statutes that govern HESC suggesting that the state of New York agreed to be sued in federal court, and Congress has not enacted legislation specifically overriding HESC'S immunity." Id. (citing Seminole Tribe v. Florida, 517 U.S. 44 (1996)).

Although Harper is an unpublished opinion, and is therefore not binding on this Court, it is nonetheless highly persuasive.

5

See, e.g., LaSala v. Bank of Cyprus Pub. Co., Ltd., 510 F. Supp. 2d 246, 274 n.10 (S.D.N.Y. 2007) (finding an unpublished Second Circuit opinion "highly persuasive . . . and eminently predictive of how the Court would in fact decide a future case such as this one"); Bernshteyn v. Feldman, 2006 WL 2516514, at *3 n.3 (S.D.N.Y. Aug. 29, 2006) (finding an unpublished opinion by the Second Circuit persuasive authority).  Indeed, the Court sees no basis for a contrary ruling.

The Court must also review Kozaczek's legal claims for the possibility of waiver or abrogation.  Kozaczek's sole federal law claim is brought under the Fair Debt Collection Practices Act ("FDCPA"), which explicitly states that the term "debt collector" does not apply to "any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. § 1692a(6)(C).  Courts have therefore determined the FDCPA does not contain an express and unequivocal waiver of state sovereign immunity.  See, e.g., Wagstaff v. U.S. Dep't. of Educ., 509 F.3d 661 (5th Cir. 2007); Sorrell v. Illinois Student Assistance Commission, 314 F. Supp. 2d 813, 816 (C.D. Ill. 2004).

Kozaczek's remaining claims are common law causes of action, including negligence, willful negligence and gross negligence. Under Vermont law, Eleventh Amendment immunity is specifically preserved with respect to tort claims brought against the State.

See 12 V.S.A. § 5601(g).  Similarly, the State of New York has not waived its Eleventh Amendment immunity from common law tort claims.  See Moore v. City of New York, 2011 WL 795103, at *7 n.3 (E.D.N.Y. Feb. 28, 2011).  Accordingly, HESC is entitled to assert Eleventh Amendment immunity in this case.

In response to the motion to dismiss, Kozaczek argues that by allowing GC Services to remove the case to federal court, HESC waived its right to assert Eleventh Amendment immunity.  As discussed above, GC Services removed the case to this Court before HESC was properly served.  Consequently, HESC did not consent to the removal.

The Supreme Court has held that when a federal defendant voluntarily removes a case to federal court, it waives its immunity from suit.  See Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 619 (2002).  As noted in Lapides, "it would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand."  Id.  In this case, however, HESC did not initiate removal.  Nor did it expressly consent to removal. See generally 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3730, p. 462 (4th ed. 2009)

7

("[D]efendants who have not been properly served may be ignored . . . for the purpose of requiring their joinder in the notice of removal."). Instead, HESC awaited proper service, and then immediately asserted Eleventh Amendment immunity. The reasoning in Lapides thus has no application here.

The Eleventh Amendment immunizes states and state agencies from suits that seek both monetary damages and injunctive relief. See Cory v. White, 457 U.S. 85, 90-91 (1982); Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Complaint in this case seeks the return of Kozaczek's 2009 IRS refund, as well as compensatory and punitive damages. (Doc. 8 at 1.) Kozaczek has also moved the Court to enjoin a 2010 offset, and to order HESC to return part of the 2009 offset. Because the Eleventh Amendment provides HESC with immunity from orders issued by a federal court, this Court has no jurisdiction to grant the requested relief, and all claims against HESC are DISMISSED without prejudice. Kozaczek's motions for preliminary injunctive relief (Docs. 32 and 54) are DENIED as moot.

## II. Leave to Amend

As a general rule, a district court should not dismiss a *pro se* complaint without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705

8

(2d Cir. 1991)).  Nonetheless, leave may be denied if amendment of the complaint would be futile.  See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).

In this case, HESC is the only remaining Defendant, and is entitled to immunity under the Eleventh Amendment.  All claims against HESC are therefore being dismissed without prejudice.  In some instances, such a dismissal would not necessarily end the case, as a plaintiff seeking "prospective" injunctive relief might amend his complaint to name, instead of the state agency, agency officials.  See Ex parte Young, 209 U.S. 123 (1908).  Indeed, under the Ex parte Young doctrine, a plaintiff may sue state officials in their official capacities for injunctive relief if the purported violation is "ongoing" and the relief sought is "prospective" rather than retroactive.  See Verizon Md., Inc. v. Pub. Svc. Comm'n of Md., 535 U.S. 635, 645-47 (2002); In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007).  Prospective relief is arguably one form of remedy being sought in this case.

The Court nonetheless declines leave to amend, as it would have no subject matter jurisdiction over the amended complaint.  The only federal law claim in this case is Kozaczek's cause of action under the FDCPA.  As discussed previously, the FDCPA does not apply to state officials.  See 15 U.S.C. § 1692a(6)(C).  Consequently, if state officials were to be named as Defendants,

Kozaczek could assert only his common law claims, over which this Court would have no subject matter jurisdiction.[1]  Nor would there be the possibility of diversity jurisdiction, as the amount in controversy for the non-FDCPA claims does not exceed the jurisdictional threshold.  (Doc. 8 at 1-2); 28 U.S.C. § 1332.  Leave to amend is therefore DENIED.

<u>Conclusion</u>

For the reasons set forth above, HESC's motion to dismiss (Doc. 53) is GRANTED, and Kozaczek's request for an injunction (Doc. 32) and motion to amend his request for an injunction (Doc. 54) are DENIED as moot.  All claims against Defendant HESC are DISMISSED without prejudice, and this case is CLOSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of August, 2011.

/s/ J. Garvan Murtha<br>
Honorable J. Garvan Murtha<br>
United States District Judge

---

[1] The Court offers no opinion as to whether it would have personal jurisdiction over individual HESC officials.